TYACK, J., dissenting.
 

 {¶ 47} I do not agree with the majority of this panel on the issue of the Three Reading Rule because the various amendments did vitally alter the legislation. Since the Three Reading Rule is a very simple requirement to meet, I do not foresee judicial encroachment on the legislative process. All the Ohio legislature has to
 do is comply with the simple rules applicable to passing laws. Here, it did not.
 

 {¶ 48} A bill does not have to be wholly changed in order to be vitally altered. I note that Am.Sub.H.B. No. 70 went from being a 10 page bill to a 77 page bill in a period of less than 24 hours. It was then passed on a party-line vote. It went from allowing school districts to create community learning centers to a law which allowed the state of Ohio to take complete control of a school district, pitching the local school board and local superintendent out of the day-to-day running of the school district. I see this as vitally altering a bill with little or no opportunity for input from the full range of interested parties. Such input as occurred came from the political friends of the Governor of Ohio and from persons closely wired to the leadership of the Ohio General Assembly.
 

 {¶ 49} The persons who wrote the Ohio Constitution displayed impressive wisdom. They said bills should have three readings so the public can know what is being considered and possibly passed. They said bills should have one subject, not one part to create community learning centers and another part which allows government to divest control of the local school district from local elected leadership to persons chosen by state leadership. We ignore the wisdom of the persons who drafted our Ohio Constitution at great peril to good government.
 

 {¶ 50} I respectfully dissent from the majority opinion.